IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:17-CR-025-D |
| | § | |
| MICHAEL JAMES URBAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses defendant Michael James Urban's ("Urban's") April 11, 2017 discovery motions. Urban is charged in count one of the superseding indictment with the offense of possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and aiding and abetting, in violation of 18 U.S.C. § 2. Trial is scheduled for November 13, 2017. The government has not responded to Urban's motions.

I

In Urban's motions for discovery, he moves for 13 categories (and 12 subcategories) of discovery. The court has regrouped some of Urban's categories of evidence for the purposes of the memorandum opinion and order, but retains Urban's original numbering system.

A

*Rule 16(a)(1)-Based Discovery Requests*

In request Nos. 1-3, 11, and 12, Urban requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(G).

In request No. 1, Urban requests that the government be ordered to disclose all oral, written, or recorded statements made by Urban while he was within the possession, custody, or control of the government. This request includes any audio recordings and the substance of any oral statements made by Urban before or after his arrest to government agents or law enforcement officers—including probation or parole officers.

In request No. 2, Urban requests that the government be ordered to disclose all books, papers, documents, photographs, tangible objects, or copies or portions thereof that are within the possession, custody, or control of the government, and are material to the preparation of his defense, are intended to be used by the government at trial, or were obtained from or belong to the defendant. This request includes all checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and other potential evidence.

In request No. 3, Urban requests that the government be ordered to provide the results or reports of all physical or mental examinations, scientific tests, or experiments conducted by the United States or state authorities in the course of investigating this case and any related state investigation of Urban. This request includes producing copies of any

fingerprints or handwriting reports and results compiled by the government, in addition to the identity of the individuals who examined Urban's known fingerprints, palm prints, or handwriting exemplars and compared them to questioned specimens. Urban also requests any chemical analysis of narcotics and reports generated from the tests, and seeks to review the reports of polygraph tests administered to participating government informants.

In request No. 11, Urban requests that the government disclose any information gained through electronic surveillance, including wiretaps, videotapes, and tape recorded conversations concerning Urban, any alleged coconspirators, any codefendants, and/or any witnesses. Urban requests that the government provide any such information to him through written transcripts or reports, or provide him with an opportunity to see or hear any such gathered information.

In request No. 12, Urban requests that the government be ordered to disclose a copy of his prior criminal record, include the disposition of the cases.

To the extent Urban requests discovery that the government is required to disclose under Rules 16(a)(1), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500,* the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any

---

*Although Urban states that he will be requesting through a separate motion the early production of Jencks Act material, the court addresses both the Jencks Act and Rule 26 here to the extent they apply.

discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

B

*Impeachment Evidence*

In requests Nos. 4-7, Urban requests that the government be ordered to disclose evidence and information related to the potential impeachment of government witnesses.

In request No. 4, Urban requests that the government be ordered to produce all information in its possession that will impeach any witness whom the government may call at trial. Urban specifies that this request includes the witness' prior criminal record or other prior material acts of misconduct.

In request No. 5, Urban requests that the government be ordered to produce all information in its possession regarding inconsistent statements of any witness whom it may call at trial.

In request No. 6, Urban requests that the government be ordered to produce all information in its possession regarding the untruthfulness of any witness whom it may call at trial.

In request No. 7, Urban requests that the government be ordered to disclose all information regarding the use of narcotics by any witness whom it may call at trial. This request includes the use of narcotics at the time of relevant events or at the eve of trial, to be determined through the witness' medical records, government files, and any psychiatric examinations that may have been administered to any informant or witness.

To the extent Urban requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

C

*Government Investigation Notes*

In request No. 8, Urban requests any notes, tapes, and/or memoranda—whether handwritten, video or audio recorded, or otherwise—made by a government agent in this case, including any person who may have been acting as an informer, or in an investigative or undercover capacity. Urban also requests that, if such notes and memoranda were once in existence but have since been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction.

To the extent Urban requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

D

*Government Communications to Urban*

In request No. 9, Urban requests that the government be ordered to disclose whether any government agent, informant, or anyone else acting at the direction of the government has communicated with Urban since the commencement of adversarial proceedings—in this

case or any related state case—against him. Urban further requests that the government be ordered to disclose the identity of any such individuals and the details surrounding the circumstances of such communications, as well as any statements made by Urban or any government agent.

If the government has used an informant in investigating or prosecuting Urban, it must notify the court *in camera* no later than October 12, 2017. With respect to other individuals, to the extent Urban requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

E

*Witness Statements*

In request No. 10, Urban requests the disclosure of any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing in order to allow an adequate cross-examination of the witness. Urban requests disclosure of any witness' prior testimony (including grand jury testimony), prior written statements, any witness' reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements which have been or may be adopted, approved or verified by the witness. Urban also moves that the government be ordered to produce any exculpatory witness statements, any negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of its witnesses. Urban seeks to discover the personnel files of any government witness that may contain evidence material to the preparation of a defense or

contain *Brady* or *Giglio* material.

To the extent Urban requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government will also be expected to comply with the witness list requirement of N.D. Tex. Crim. R. 16.1 (b).

F

Brady *Material*

In request No. 13, Urban moves that the government be ordered to disclose any and all exculpatory evidence in the possession of the federal government that would tend to exculpate him under *Brady*. Urban lists 12 subcategories of evidence that he maintains would be exculpatory. Urban also requests that the government attorneys be ordered to examine their files and question government agents, informants, or other persons working with the government regarding their knowledge of the requested materials. Urban further requests that he be allowed to question the government attorneys and agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Urban requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied.

II

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than October 16, 2017.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin his cross-examination of a witness.

**SO ORDERED**.

October 10, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE